IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WINDWARD AVIATION, INC.; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; ARCH INSURANCE CO.; STARNET INSURANCE CO.; NATIONAL FIRE AND MARINE INSURANCE CO.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ROLLS-ROYCE CORPORATION; ROLLS-ROYCE ENGINE SERVICES-OAKLAND, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10,<br><br>　　　　Defendants. | Civ. No. 10-00542 ACK-BMK |

## ORDER GRANTING PLAINTIFFS' MOTION TO SEAL AND DEFENDANT ROLLS-ROYCE CORPORATION'S MOTION TO SEAL

　　　　On June 17, 2011, Windward Aviation, Inc.; National Union Fire Insurance Company of Pittsburgh, PA; Arch Insurance Co.; Starnet Insurance Co.; and National Fire and Marine Insurance Co. (collectively, "Plaintiffs") filed a "Motion for Leave to File Exhibit 'Y' to Plaintiffs' Supplemental Submission of Facts in Opposition to Defendants Rolls-Royce Corporation and Rolls-Royce Engine Services-Oakland, Inc.'s Motion for Summary Judgment Under Seal." On the same day, Defendant Rolls-Royce

Corporation filed an "Ex Parte Motion to Seal Exhibits F and G to Defendants' Supplemental Statement of Facts."

Having reviewed the parties' motions to seal, memoranda, declarations, and exhibit, as well as the proposed sealed submissions, the Court finds that the parties have met the "compelling reasons" standard outlined in <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172 (9th Cir. 2006), and discussed in this Court's Order dated May 25, 2011. In particular, the parties have articulated "compelling reasons" supported by specific facts demonstrating why each of the documents in question should be sealed. <u>See</u> <u>Kamakana</u>, 447 F.3d at 1178-79. Moreover, in determining whether these documents should be sealed, the Court has "'conscientiously balance[d] the competing interests'" of the public and those of Defendant. <u>Id.</u> at 1179.

Exhibit Y to Plaintiffs' 6/17/11 supplemental submission of facts, Exhibits F and G to Defendants' 6/17/11 supplemental statement of facts, and Exhibit A to Plaintiffs' 5/31/11 opposition to Defendants' motion to strike warrant sealing because these records contain: (1) trade secrets and highly confidential business information; and/or (2) technical data and information whose export is restricted by export control laws; and/or (3) information whose release is restricted by United States Army regulations. Defendants' Ex Parte Motion to Seal at 7-11; Sleeman Decl. at ¶ 5; Fukunaga Decl. at ¶¶ 2-5; <u>see</u>

Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (recognizing that records containing "sources of business information that might harm a litigant's competitive standing" constitute an exception to the general right to inspect judicial records); McDonnell v. Southwest Airlines Co., 292 F. App'x 679 (9th Cir. 2008) (affirming the sealing of documents that "contain[ed] trade secrets and confidential procedures and communications geared toward investigating the cause of [an] airline crash" because, "due to their confidential and sensitive nature, public disclosure of the documents could result in improper use"); Jones v. Avidyne Corp., No. CV 06-1656-ST., 2010 WL 3829215, at *1 (D. Or. Sep. 24, 2010) ("The redacted portions of the transcript contain technical details of Avidyne's research into remedial product designs.  In its motion to redact, Avidyne asserted that it would be harmed in the competitive marketplace if these details were publicly disclosed.  This is a compelling reason to restrict public access to those limited portions of the transcript . . . ."); cf. Melvin v. United States, 14 Cl. Ct. 236 (1988) (discussing the protection of export controlled technical data).

Accordingly, the Court GRANTS the parties' motions to seal. By **Wednesday, June 22, 2011**, Plaintiffs are directed to file under seal Exhibit Y to Plaintiffs' 6/17/11 supplemental submission of facts and Exhibit A to Plaintiffs' 5/31/11

opposition to Defendants' motion to strike.  The Clerk of the Court is directed to remove from the public record Exhibit A to Plaintiffs' 5/31/11 opposition to Defendants' motion to strike.  Also by **Wednesday, June 22, 2011**, Defendant is directed to file under seal Exhibits F and G to Defendants' 6/17/11 supplemental statement of facts.

IT IS SO ORDERED.

Dated:  Honolulu, Hawai'i, June 20, 2011.



_____
Alan C. Kay
Sr. United States District Judge

Windward Aviation Inc. et al. v. Rolls-Royce Corporation et al., Civ. No. 10-00542 ACK-BMK, Order Granting Plaintiffs' Motion to Seal and Defendant Rolls-Royce Corporation's Motion to Seal.